**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

JOSE M. PAVON,,

    Plaintiff,

v.

UPS and TEAMSTERS 631,

    Defendants.

2:12-cv-00928-JCM-NJK

**REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Plaintiff's Motion to Enforce Settlement (#40) and the Defendant UPS's Cross-Motion to Enforce Settlement (#43). The Court has considered the Plaintiff's Motion (#40), the Defendant's Motion (#43), the Defendant's Response (#40), the Plaintiff's Reply (#45), and the minutes and proceedings from the December 13, 2012, Early Neutral Evaluation.

## I. BACKGROUND

**A.**     **Factual Background**

The Plaintiff has been an employee of the Defendant UPS since 2003. By 2010, he was working as a sorter. Docket No. 40. While working at that position, according to the Plaintiff, he was verbally abused by fellow employees for, among other things, his accent. *Id.* The Plaintiff states that he complained about his co-workers' behavior on numerous occasions in writing, but his complaints were ignored. *Id.* Then, after one particular incident in which one of the Plaintiff's co-workers was allegedly screaming and hitting bins, the Plaintiff was demoted to a bagger and loader. *Id.* His co-workers, on the other hand, whom the Plaintiff believes had less seniority than he did at the time, were assigned to preferable sorter positions. *Id.* The Plaintiff also asserts that in 2011 and 2012 he was denied appropriate medical attention and documentation of certain injuries. *Id.*

B.  **Procedural Background**

On June 1, 2012, the Plaintiff filed a Complaint against UPS and the Union alleging discrimination based on his national origin and gender, and retaliation for complaining that he was discriminated against. Docket No 1. On September 19, 2012, pursuant to the Court-Based Early Neutral Evaluation Program in the District of Nevada as outlined in LR 16-6, the Court scheduled an Early Neutral Evaluation ("ENE") session. Docket No. 26.  The ENE session was held on December 13, 2012, in front of Magistrate Judge Peggy A. Leen. Docket No. 35. During the conference, the parties reached a settlement agreement and memorialized the terms on the record in open court. Docket No. 36. The terms of the agreement were confidential and not reduced to writing at that time. Docket No. 35.

C.  **Settlement Agreement**

On December 13, 2012, once a settlement was reached, Magistrate Judge Leen stated the essential terms of the agreement on the record in open court and allowed all the parties to confirm that the terms she stated were correct. The record reflects that these terms were confidential and the Plaintiff was not to discuss the agreement with his co-workers. The memorialized essential terms of the agreement were stated as follows:

1. UPS and the Union were to provide the Plaintiff with a jointly-authored letter advising him of his seniority dates. The Plaintiff has two seniority dates: his company seniority date and his center seniority date.  The company seniority date is relevant for certain benefits including retirement, and his center seniority date has different consequences. The letter was supposed to outline The Plaintiff's seniority rights "so that [the Plaintiff] has a clear understanding of what his seniority rights are and what they cover."

2. UPS would place the Plaintiff back in the position he requested, which was a small sort position.

...

...

...

1       3.      Once UPS and the Union complied with the first two terms, the Plaintiff would execute a release of all claims in favor of UPS and the Union. Then both parties would file a stipulation to dismiss the case. The release would cover anything that happened relating to the workplace up until the date that the agreement was signed. It would not release UPS or the Union from future allegations.

Finally, Magistrate Judge Leen made it clear to the Plaintiff that he may have to work with the co-workers he previously did not get along with and that the possibility existed that one of those people could be his supervisor in the future. Both parties agreed that these were the essential terms of the agreement and that they would comply accordingly.

**D.  The Dispute**

Both parties have moved to enforce the settlement agreement. However, the parties dispute the terms of the agreement and whether there has been compliance.

     1.     <u>Plaintiff's Position</u>

The Plaintiff argues that Defendant UPS[1] has not adequately performed under the settlement agreement and is seeking to enforce what he believes is the agreement. According to the Plaintiff, the parties agreed that (1) the Defendant would provide the Plaintiff with a letter describing his seniority dates; (2) enforce the Plaintiff's seniority right in daily operations; and (3) return the Plaintiff to his position as a sorter.  Once those terms were met, the Plaintiff agreed to sign a release and dismiss the case. Docket No. 40. The Plaintiff has refused to sign the release, however, because he believes he is not being treated according to his seniority.

Specifically, the Plaintiff alleges that he has had to work at bin-3 which is a less-senior bin; that his less-senior co-workers have gotten to work at bin-1 while he was at bin-3; that he has had to do work as a loader on a number of occasions; and that he has not been called into work for extra-hours, an operation he states is also supposed to be determined by seniority.

...

---

[1] The Union is not a part of this current dispute. The Plaintiff has filed a stipulation for dismissal as to the Union. Docket No. 42.

1       2.      Defendant's Position

2       According to Defendant UPS, the agreement was to (1) provide the Plaintiff with a letter
3 describing his seniority dates; and (2) return the Plaintiff to his position as a sorter. Docket No.
4 43. Upon meeting those requirements, the Plaintiff would sign a release and agree to dismiss the
5 case. *Id*. The Defendant does not specifically state whether enforcing the Plaintiff's seniority
6 rights was part of the agreement, but argues that it has treated the Plaintiff according to his
7 seniority and that the Plaintiff is "confused about his seniority rights." *Id*. Further, according to
8 the Defendant, if the Plaintiff believes his seniority rights have been violated he can file a
9 grievance, which he has, but he still must sign the release on this case. *Id*.

10                          **II.  DISCUSSION**

11 **A.    Legal Standard**

12       The court has inherent authority under federal law to enforce a settlement agreement in an
13 action pending before it. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir.1987); *TNT Marketing, Inc.*
14 *v. Agresti*, 796 F.2d 276, 278 (9th Cir.1986) (citations omitted)*; see also Marks–Foreman v.*
15 *Reporter Pub. Co.*, 12 F.Supp.2d 1089, 1092 (S.D.Cal.1998) (citations omitted). Assent to an
16 agreement in open court constitutes a binding agreement to settle. *Henderson v. Yard House*
17 *Glendale, LLC*, 456 F. App'x 701, 702 (9th Cir. 2011); citing *Doi v. Halekulani Corp.*, 276 F.3d
18 1131, 1137-8, 1140 (9th Cir.2002).

19       A settlement agreement must meet two requirements to be enforced. *Fernandez v.*
20 *Nevada*, 2012 WL 960907 (D. Nev. Feb. 9, 2012) *report and recommendation adopted,* 2012
21 WL 960619 (D. Nev. Mar. 20, 2012). First, it must be a complete agreement. *Id. c*iting *Callie*,
22 829 F.2d at 890. Second, both parties or their authorized attorneys must agree to the terms of the
23 settlement. *Id.* citing *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144–45 (9th Cir.1977).
24 Where material facts concerning the terms or existence of settlement agreement are disputed, the
25 parties are entitled to an evidentiary hearing. *Callie*, 829 F.2d at 890.

26 ...

27 ...

28

**B.     Analysis**

    1.     <u>Evidentiary Hearing</u>

Although the parties agree that UPS must afford the Plaintiff his seniority rights, they dispute whether providing those rights is a prerequisite to the Plaintiff signing the release.

Where material facts concerning the terms or existence of settlement agreement are disputed, the parties are entitled to an evidentiary hearing. *Callie*, 829 F.2d at 890. However, the Court may decide not to hold a hearing if neither party requests or indicates that a hearing is necessary to settle disputed material facts. *Bank of the W. v. Great Falls Ltd. P'ship*, 2011 WL 5102244, *2 (D. Nev. Oct. 25, 2011).

Here, neither party has requested an evidentiary hearing. Additionally, the material terms of the agreement were clearly stated by Magistrate Judge Leen for the record. According to the binding settlement agreement made in open court, the Plaintiff will release UPS of all of its alleged workplace violations occurring prior to the Plaintiff signing the release once UPS (a) provided the Plaintiff with the letter, and (b) assigned the Plaintiff to a small sorter position. Thus, because the parties agreed that the release would cover any workplace violations up to and until the release was signed, it is clear that the parties did not agree to give UPS a free pass to ignore the Plaintiff's seniority rights for the period of time between the ENE and the signing of the release. UPS was indeed required to treat the Plaintiff according to his seniority rights prior to the Plaintiff signing the release.[2] Accordingly, because the material facts of the agreement are clear and neither party has requested an evidentiary hearing, the undersigned Magistrate Judge recommends that the Court decline to hold such a hearing.

    2.     <u>Seniority Rights and Required Letter</u>

The parties disagree over whether the Plaintiff's seniority entitles him to certain privileges. However, the Court need not and does not make a finding as to whether UPS has properly provided the Plaintiff with his seniority rights since the ENE. The settlement agreement

---

[2] The Court does not at this time make a finding as to whether UPS has or has not treated the Plaintiff according to his seniority.

did not concern which rights the Plaintiff's seniority afforded him. Rather, it only required that he be afforded his seniority rights, whatever those may be. Accordingly, the undersigned Magistrate Judge recommends that the Court deny the Plaintiff's request that the Court enforce the seniority rights to which he believes he is entitled and only require UPS to provide the rights to which he is actually entitled.  As mentioned before, the Court makes no finding as to whether UPS has or had not denied the Plaintiff any of his seniority rights.

The lack of clarity concerning the Plaintiff's rights is due in large part to the letter the Defendants provided the Plaintiff. The Defendants were required to provided the Plaintiff with a letter outlining the Plaintiff's seniority rights "so that [the Plaintiff] has a clear understanding of what his seniority rights are and what they cover." This indicates that the parties were in agreement that the Plaintiff has seniority rights generally and that the Defendants would explain to the Plaintiff what those rights are in the letter it would provide.

Having reviewed the letter, however, the Court finds that it fails to provide the Plaintiff with a clear understanding of what his seniority rights are and what they cover. See Exhibit A, attached to Docket No. 43. Concerning the Plaintiff's company seniority, the letter states that it "determines [the Plainitff's] eligibility for various Company fringe benefits including: Eligibility and amounts of pension benefits [and] Number of vacation days." *Id*. (formatting removed).  The letter goes on to state that the Plaintiff may set up an appointment with a pension specialist to learn about his pension benefits. *Id*. The letter does not explain what other "various fringe benefits" the Plaintiff is entitled to, what they cover, or that the Defendants will be providing that information in writing.  As for the Plaintiff's center seniority, the letter simply states that it "determines [the Plaintiff's] seniority for purposes of job bidding and layoffs." This brief sentence does not provide a clear picture of what the Plaintiff's rights are, nor what they cover.

The clarity of the letter is of chief importance because its entire purpose was to explain to the Plaintiff the coverage of his seniority rights. Indeed, according to UPS, the present dispute is due to the fact that the Plaintiff is confused about his seniority rights.  However, UPS had an obligation under the agreed-upon terms to affirmatively inform the Plaintiff of his seniority rights. UPS did not meet this obligation in its letter by simply telling the Plaintiff that his

seniority concerns broad non-inclusive types of benefits and that he can contact a pension specialist if he so chooses. Thus, considering the letter's lack of inclusiveness, it is understandable that the Plaintiff is concerned about his bin assignment and extra-hour allotment. Accordingly, the Court finds that UPS was required to provide the Plaintiff with a letter which makes clear what his seniority rights are and what they cover, and that the letter should be inclusive. It is recommended that UPS provide citations to any and all agreements and handbooks which determine the Plaintiff's benefits to ensure that it is comprehensive.

3. Findings

The Court, through its inherent authority under federal law to enforce a settlement agreement in an action pending before it, should enforce the settlement agreement the parties entered into in open court before Magistrate Judge Leen. See *Callie*, 829 F.2d at 890. The agreement requires UPS to provide the Plaintiff with a letter which makes clear what his seniority rights are and what they cover. UPS must provide the Plaintiff his seniority rights, whatever those may be, and deny the Plaintiff's request for any seniority rights to which he is not actually entitled. The Court also finds that once UPS has provided the Plaintiff with a proper letter and his appropriate seniority rights, the Plaintiff must sign the release.

Finally, the Court finds that the Plaintiff's request for costs, fees, or other monetary sanction, should be denied. Although the district court's enforcement power includes authority to award damages for failure to comply with the settlement agreement, *Hobbs & Co. v. American Investors Management, Inc.,* 576 F.2d 29, 33 & n. 7 (3d Cir.1978); "breach of the agreement entitles the nonbreaching party to specific performance **_or_** an award of damages, **_as appropriate_**." *TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) (emphasis added), citing *Village of Kaktovik v. Watt,* 689 F.2d 222, 230 (D.C.Cir.1982).

Here, UPS did attempt to comply with the settlement agreement by providing the Plaintiff with a letter, even though it was insufficient, and there is no indication that the vagueness of the letter constitutes bad faith. Further, the undersigned Magistrate Judge recommends specific performance. Thus, the undersigned Magistrate Judge finds that an award of damages is not appropriate.

### III.   RECOMMENDATION

**IT IS THE RECOMMENDATION** of the undersigned Magistrate Judge that the settlement agreement be **ENFORCED ACCORDING TO THE TERMS ENTERED INTO IN OPEN COURT.**

**IT IS FURTHER RECOMMENDED** that the Defendant be required in provide the Plaintiff with a letter which <u>clearly</u> describes his seniority rights in accordance with the settlement agreement.

**IT IS FURTHER RECOMMENDED** that the Plaintiff's Motion (#40) be **DENIED in part and GRANTED in part.**

> **IT IS RECOMMENDED** that the Plaintiff's request that the Court grant him specific privileges which may not be part of his seniority rights be **DENIED**, and
>
> **IT IS RECOMMENDED** that the Plaintiff's request that the Court grant him his seniority rights generally before he signs the release be **GRANTED** in that those rights should be clarified for the Plaintiff in a letter provided by the Defendants.
>
> **IT IS RECOMMENDED** that the Plaintiff's request for monetary damages be DENIED.

**FINALLY, IT IS RECOMMENDED** that the Defendant's Motion (#43) be **DENIED**.

DATED this  17th   day of May, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge

...
...
...
...
...

**NOTICE**

Pursuant to Local Rule IB 3-2 [former LR 510-2] any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).