1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7

8   JOSÉ M. PAVON,                                    2:12-CV-928 JCM (NJK)

9                    Plaintiff(s),

10  v.

11  UPS and TEAMSTERS 631,

12                   Defendant(s).

13

14

15                                    **ORDER**

16          Presently before the court is the report and recommendation of Magistrate Judge Koppe

17  regarding enforcement of an employment settlement agreement. (Doc. # 46). *Pro se* plaintiff, Jose

    M. Pavon filed objections. (Doc. # 49).

18

19          Plaintiff also filed a motion to set aside the settlement agreement. (Doc. # 48). Defendant

20  United Postal Service (UPS) responded. (Doc. # 50).[1] Plaintiff did not reply.

21  **I.      Background**

22          **A.      Facts**

23          Plaintiff has been an employee of UPS since 2003. As of 2010, he was working as a sorter.

24  (Doc. # 40). While working in this position, plaintiff alleges that he was verbally abused by fellow

25  employees for, among other things, his accent. (*Id.*). Plaintiff states that he complained about his co-

26

27          [1] Defendant International Brotherhood of Teamsters 631 union is not part of the instant dispute. The union
    defendant filed a stipulation to dismiss the case with prejudice against the union only. (Doc. # 42). The court sent the
    stipulation back to counsel the following day for failure to attach an order for the court to sign. To date, no revised
28  stipulation has been filed.

**James C. Mahan**
**U.S. District Judge**

1   workers' behavior on numerous occasions in writing, but his complaints were ignored. (*Id.*).

2       Then, after one particular incident, plaintiff was demoted to a bagger and loader. (*Id.*). His

3   co-workers, on the other hand, whom plaintiff believes had less seniority than he did at the time,

4   were assigned to preferable sorter positions. (*Id.*). Plaintiff also asserts that in 2011, and 2012, he

5   was denied appropriate medical attention and documentation of certain injuries. (*Id.*).

6       **B.     Background and settlement agreement**

7       On June 1, 2012, plaintiff filed a complaint against defendant and the  International

8   Brotherhood of Teamsters 631 union alleging discrimination based on his national origin and gender,

9   and retaliation for complaining that he was discriminated against. (Doc. # 1). On September 19,

10  2012, the court scheduled an Early Neutral Evaluation ("ENE") session. (Doc. # 26). The ENE

11  conference was held on December 13, 2012, before Magistrate Judge Leen. (Doc. # 35).   A

12  settlement was reached.

13      Magistrate Judge Leen stated the essential terms of the agreement on the record in open court

14  and allowed all the parties to confirm that the terms she stated were correct. The record reflects that

15  these terms were confidential and plaintiff was not to discuss the agreement with his co-workers. The

16  memorialized essential terms of the agreement were stated as follows:

17      1. Defendant and the union were to provide plaintiff with a jointly-authored letter
        advising him of his seniority dates. Plaintiff has two seniority dates: his company
18      seniority date and his center seniority date. The company seniority date is relevant for
        certain benefits including retirement, and his center seniority date has different
19      consequences. The letter was supposed to outline plaintiff's seniority rights "so that
        [plaintiff] has a clear understanding of what his seniority rights are and what they
20      cover."

21      2. Defendant  would place plaintiff back in the position he requested, which was a
        small sort position.
22
        3. Once defendant and the union complied with the first two terms, plaintiff would
23      execute a release of all claims in favor of defendant and the union. Then both parties
        would file a stipulation to dismiss the case. The release would cover anything that
24      happened relating to the workplace up until the date that the agreement was signed.
        It would not release defendant and the union from future allegations.
25

26      Finally, Magistrate Judge Leen made it clear to plaintiff that he may have to work with the

27  co-workers he previously did not get along with and that the possibility existed that one

28

**James C. Mahan**
**U.S. District Judge**                                    - 2 -

1    of those people could be his supervisor in the future. Both parties agreed that these were the

2    essential terms of the agreement and that they would comply accordingly.

3          About a month after the ENE conference, both plaintiff and defendant moved the court to

4    enforce the settlement agreement. (*See* docs. # 40 & 43). Both motions had different understandings

5    of the terms of the settlement agreement and moved the court to effectuate the settlement agreement

6    as outlined in each respective motion.

7          **C.      Report & recommendation and objections**

8          On May 17, 2013, Magistrate Judge Koppe entered a report and recommendation

9    recommending that the court enforce the settlement agreement according to the terms entered into

10   in open court and ordering defendant to provide plaintiff with a letter which clearly describes his

11   seniority rights in accordance with the settlement agreement. (Doc. #46). The magistrate judge

12   further recommended that the court deny in part and grant in part plaintiff's motion to enforce

13   settlement (*see* doc. # 40) and deny defendant's cross-motion to enforce the settlement agreement

14   (*see* doc. # 43). Plaintiff has filed the instant objections. (Doc. # 49).

15         Included in plaintiff's objections is a request to set aside the settlement agreement on the

16   basis that (1) he suffered a workplace injury after the ENE conference and does not want to waive

17   his right to workers compensation benefits by way of the settlement agreement, and (2) he continues

18   to be placed in unsatisfactory work assignments. (Doc. # 48).

19         The court construes plaintiff's reasons for setting aside the settlement agreement as plaintiff's

20   objections to the magistrate judge's report and recommendation and therefore will address these

21   contentions in the analysis below.

22   **II.    Legal standard**

23         A party may file specific written objections to the findings and recommendations of a United

24   States magistrate judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); LR IB 3–2.

25   Upon the filing of such objections, the district court must make a de novo determination of those

26   portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)©; LR IB 3–2(b). The

27   district court may accept, reject, or modify, in whole or in part, the findings or recommendations

28

**James C. Mahan**
**U.S. District Judge**

1    made by the magistrate judge. *Id.*

2        However, the district court need not conduct a hearing to satisfy the statutory requirement

3    that the district court make a "de novo determination." *United States v. Raddatz*, 447 U.S. 667, 674

4    (1980) (observing that there is "nothing in the legislative history of the statute to support the

5    contention that the judge is required to rehear the contested testimony in order to carry out the

6    statutory command to make the required 'determination'").

7    **III.    Discussion**

8        The court limits its analysis to a de novo review of the portions of the report to which

9    objections were made. *See* 28 U.S.C. § 636(b)(1)©.[2]

10       Although not a paradigm of clarity, it appears *pro se* plaintiff objects to the report and

11   recommendation because: (1) he suffered a workplace injury after the ENE conference and does not

12   want to waive his right to workers compensation benefits by way of the settlement agreement, and

13   (2) he continues to be placed in unsatisfactory work assignments. (Doc. # 49).

14       **A.    First objection**

15       Defendant responds that it has revised the settlement agreement to release only those claims

16   that arose prior to December 13, 2012. Therefore, any recovery plaintiff may seek as a result of an

17   injury sustained after the ENE conference is not waived as a result of the settlement agreement.

18       Although, the settlement agreement originally contemplated releasing all claims relating to

19   the workplace up until the date that the agreement was signed, the court finds that instant

20   circumstances of plaintiff's alleged workplace injury warrant a variance. Defendant has voluntarily

21   limited the release to those claims that occurred prior to December 12, 2012. The court finds

22   defendant's proposition consistent with the spirit of the settlement agreement (*see* doc. # 50, ex. A,

23   § 2), and therefore finds this limitation appropriate.

24       This objection is OVERRULED.

25       **B.    Second objection**

26

27       [2] As an initial matter, because neither party requests a hearing and because the material terms of the agreement
are clear, the court declines to hold an evidentiary hearing on this matter. *See Bank of the W. v. Great Falls Ltd. P'ship*,
28   2:09-CV-388 JCM RJJ, 2011 WL 5102244, at *2 (D. Nev. Oct. 25, 2011).

**James C. Mahan**
**U.S. District Judge**

1    Defendant responds to plaintiff's second objection arguing that if plaintiff is dissatisfied with

2    his workplace assignments, his remedy is to file a grievance. The court agrees. Regulating the

3    specifics of plaintiff's workplace circumstances is beyond the purview of this court's jurisdiction

4    following the binding settlement agreement entered into in December 2012. The court does not make

5    any finding as to whether defendant has properly provided plaintiff with his seniority rights since the

6    ENE conference. However, the court requires that plaintiff be afforded his seniority rights, whatever

7    those may be.

8    This objection is OVERRULED.

9    **IV.    Conclusion**

10   After having conducted a de novo review of those portions of the report objected to,

11   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Koppe's

12   report and recommendation regarding enforcement of an employment settlement agreement (doc.

13   # 46) be, and the same hereby is, ADOPTED in its entirety.

14   IT IS FURTHER ORDERED that the settlement agreement be enforced according to the

15   terms entered into in open court.

16   IT IS FURTHER ORDERED that defendant provide plaintiff with a letter that clearly

17   describes plaintiff's seniority rights in accordance with the settlement agreement.

18   IT IS FURTHER ORDERED that plaintiff's motion to enforce settlement (doc. # 40) be, and

19   the same hereby is, DENIED in part and GRANTED in part.

20   1) Plaintiff's request that the court grant him specific privileges which may not be part of his

21   seniority rights are DENIED; and

22   2) Plaintiff's request that the court grant him his seniority rights generally before he signs the

23   release be GRANTED in that those rights are clarified for plaintiff in the letter provided by

24   defendants; and

25   3) Plaintiff's request for monetary damages is DENIED.

26   IT IS FURTHER ORDERED that defendant's cross-motion to enforce settlement (doc. # 43)

27   be, and the same hereby is, DENIED.

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    IT IS FURTHER ORDERED that plaintiff's motion to set aside the settlement agreement

2  (doc. # 48) be, and the same hereby is, DENIED.

3    DATED July 5, 2013.

4

5    _____

6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**